UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HANOVER INSURANCE COMPANY, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 4:05-cv-40089 (FDS) |
| V. | : | |
| MICHAEL FINNEGAN ELECTRIC CONTRACTING, INC., MICHAEL A. FINNEGAN, AND CORINNE FINNEGAN, | : | |
|     Defendants | : | MAY 11, 2006 |

## **ANSWER**

    1.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave plaintiff to its proof.

    2.    Denied

    3.    Denied

    4.    Denied

    5.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave plaintiff to its proof.

    6.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leave plaintiff to its proof.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

7.  Defendants, Michael Finnegan Electric Contracting, Inc. ("MFEC") and Michael Finnegan admit they signed an Indemnity Agreement in April 2004.  Defendant, Corinne Finnegan, admits only that she signed a document under duress and without knowledge that it was an Indemnity Agreement and denies she is bound by said Indemnity Agreement.

8.  The Indemnity Agreement, to the extent it applies, is a written document, the terms of which are self-explanatory.  The Defendants deny the allegations contained in this paragraph to the extent they seek to modify or characterize the terms of the written document.

9.  Admit only that MFEC requested and received the Bonds for the Watkins Project.  The Bonds were issued before the Indemnity Agreement was allegedly executed.  The Bond and Indemnity Agreement, to the extent it applies, are written documents, the terms of which are self-explanatory.  The Defendants deny the allegations contained in this paragraph to the extent they seek to modify or characterize the terms of the written documents.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in this paragraph and thus deny same and leave plaintiff to its proof.

10. Admit only that MFEC at some point became unable to make certain payments on the Project.  The Defendants deny the balance of the allegations contained in this paragraph.

2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

11. The Defendants admit only that plaintiff received payment bond claims. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in this paragraph and thus deny same and leave plaintiff to its proof.

COUNT I

12. Responses to paragraphs 1 through 11 hereby repeated and incorporated as paragraphs 1 through 11 of this Count I as though fully set forth and stated herein.

13. The Defendants admit only that plaintiff has made some payments to bond claimants. Defendant, Corinne Finnegan, denies she requested any Bond or Indemnity Agreement. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and thus deny same and leave plaintiff to its proof.

14. The Indemnity Agreement, to the extent it applies, is a written document, the terms of which are self-explanatory. The Defendants deny the allegations contained in this paragraph to the extent they seek to modify or characterize the terms of the written document.

15. Denied.

COUNT II

16. Responses to paragraphs 1 through 15 hereby repeated and incorporated as paragraphs 1 through 15 of this Count II as though fully set forth and stated herein.

3


HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

17. The Indemnity Agreement, to the extent it applies, is a written document, the terms of which are self-explanatory. The Defendants deny the allegations contained in this paragraph to the extent they seek to modify or characterize the terms of the written document.

18. Denied

COUNT III

19. Responses to paragraphs 1 through 18 hereby repeated and incorporated as paragraphs 1 through 18 of this Count III as though fully set forth and stated herein.

20. The Indemnity Agreement, to the extent it applies, is a written document, the terms of which are self-explanatory. The Defendants deny the allegations contained in this paragraph to the extent they seek to modify or characterize the terms of the written document. The Defendants deny the balance of the allegations contained in this paragraph.

21. Denied to the extent MFEC has made payments to plaintiff.

**THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES.**

**Special Defenses**

First Special Defense

Plaintiff's claims may be barred at least in part by the doctrine of accord and satisfaction.



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Second Special Defense

Plaintiff's claims are barred in part or limited by payments made to plaintiff.

Third Special Defense

Damages allegedly incurred by the plaintiff may have been caused by those over whom the defendants have no control and for whom the defendants are not responsible.

Fourth Special Defense

The plaintiff's claims may be barred by the doctrines of waiver, laches and/or estoppel.

Fifth Special Defense

The plaintiff's claims may be barred or limited due to the acts or omissions of the plaintiff which prejudiced the defendants.

Sixth Special Defense

The defendant, Corinne Finnegan, signed the alleged indemnity agreement under duress and without any explanation as to what she was signing.

Seventh Special Defense

The plaintiff's claims may be barred, in whole or in part, by its failure to mitigate its own damages.

Eighth Special Defense

Plaintiff made payments to bond claimants for which defendants are not responsible.



5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

        RESPECTFULLY SUBMITTED FOR THE
        DEFENDANTS,
        BY THEIR ATTORNEY


        By   /s/ Kevin M. Roche BBO#551190
           Kevin M. Roche, BBO #551190
           HALLORAN & SAGE LLP
           One Goodwin Square
           225 Asylum Street
           Hartford, CT 06103
           (860) 522-6103
           Email:  roche@halloran-sage.com


## **CERTIFICATION**

      This is to certify that on this 11th day of May 2006, I hereby mailed a copy of the foregoing to:

| | |
|---|---|
| Bert J. Capone, Esquire | Michael K. Callan, Esquire |
| Dwight T. Burns, III, Esquire | Doherty, Wallace, Pillsbury & Murphy |
| Thomas H. Hayman, Esquire | One Monarch Place, 19th Floor |
| Cetrulo & Capone, LLP | 1414 Main Street |
| Two Seaport Lane, 10th Floor | Springfield, MA 01144-1002 |
| Boston, MA 02110 | |


          /s/ Kevin M. Roche BBO#551190
          Kevin M. Roche

830395v.1
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

6
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105